Filing # 154325770 E-Filed 07/29/2022 12:06:31 PM

IN THE COUNTY COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

Case No.

TANYA FALLIS,

    Plaintiff,

v.

                                          JURY TRIAL DEMANDED

RESURGENT CAPITAL SERVICES LP,

    Defendant.
_____/

## COMPLAINT

Plaintiff Tanya Fallis ("Plaintiff") sues Resurgent Capital Services LP ("Defendant") for violations of the Fair Debt Collection Practices Act.

### NATURE OF ACTION

1. The Consumer Financial Protection Bureau ("CFPB") is the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

2. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the Fair Debt Collection Practices Act ("FDCPA").

3. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

4. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors,

ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances.**" Id. (emphasis added).

5. This is an individual action under the FDCPA arising from Defendant's violations of the FDCPA pursuant to Reg F.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

7. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Brevard County, Florida.

8. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The amount in controversy is greater than $8,000, but less than $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

9. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, *et seq.*, the cause of action alleged below arose in Brevard County Florida.

## PARTIES

10. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Brevard County, Florida.

11. Defendant is a Delaware limited partnership, with its principal place of business located in Greenville South Carolina 29601.

## DEMAND FOR JURY TRIAL

12. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

13. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

14. The Consumer Debt is a "consumer financial product or service" within the meaning of 12 U.S.C. § 5481(5).

15. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, WebBank, and Plaintiff (the "Subject Service").

16. The Subject Service was primarily for personal, family, or household purposes.

17. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

18. The Consumer Debt is a consumer financial product pursuant to 12 U.S.C. § 5481(15)(A)(i).

19. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

20. Defendant is a business entity engaged in the business of collecting consumer debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

23. Defendant's "Consumer Collection Agency" license number is CCA0900145.

24. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

25. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

26. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

27. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

28. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

30. On or about July-2022, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

31. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

32. WebBank is the original creditor of the Consumer Debt.

33. LVNV Funding LLC is the current creditor of the Consumer Debt.

34. Defendant was required to provide "validation information" in the Collection Letter. *See* 12 C.F.R. § 1006.34(c).

35. The "validation information" that Defendant was required to provide in the Collection Letter includes, but is not limited to, "information about the debt." *See* 12 C.F.R. § 1006.34(c)(2).

36. The "information about the debt" that Defendant was required to provide in the Collection Letter includes, but is not limited to, "the name of the creditor to whom the debt was owed on the itemization date," *see* 12 C.F.R. § 1006.34(c)(2)(iii), and "[t]he itemization date," *see* 12 C.F.R. § 1006.34(c)(2)(vi)

37. The "itemization date" used by Defendant in the Collection Letter in an attempt to comply with § 1006.34(c)(2)(vi) of Reg F was June 3, 2021.

38. Defendant was required to identify the name of the creditor to whom the Consumer debt was owed on the itemization date in the Collection Letter.

39. The Collection Letter fails to identify the name of the creditor to whom the Consumer debt was owed on the itemization date.

40. The Collection Letter fails to identify the name of the creditor to whom the Consumer debt was owed on June 3, 2021.

## COUNT 1
### VIOLATION OF 12 C.F.R. § 1006.34(c)(2)(iii) and 15 U.S.C. §§ 1692e, 1692f, and 1692g

41. Plaintiff incorporates by reference ¶¶ 13 through 40 of this Complaint.

42. Pursuant to § 1006.34 of Reg F, a debt collector must provide a consumer with the validation information required by § 1006.34(c) of Reg F.

43. Pursuant to § 1006.34(c) of Reg F, a debt collector *must* provide certain validation information, of which includes, but is not limited to: (1) "debt collector communication disclosure;" (2) "information about the debt;" (3) "information about consumer protections;" and (4) "consumer-response information."

44. Section 1006.34(c)(2) of Reg F, of which requires "information about the debt" to be disclosed, provides an explicit list information, of which includes, but is not limited to, "the name of the creditor to whom the debt was owed on the itemization date."

45. As set forth above, Defendant was required to provide "the name of the creditor to whom the debt was owed on the itemization date" in the Collection Letter. The itemization date identified in the Collection Letter was June 3, 2021. The Collection Letter *does not* identify the name of the creditor to whom the debt was owed on June 3, 2021.

46. Section 1692e of the FDCPA prohibits, among other things, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

47. Section 1692e(2)(A) of the FDCPA explicitly prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

48. Section 1692f of the FDCPA prohibits, among other things, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

49. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, provide consumers with certain information, and to make such disclosures and provide such information within a specific timeframe. *See* 15 U.S.C. § 1692g(a)(1)-(5).

50. Here, Defendant was required to identify the name of the creditor to whom the Consumer Debt was owed on June 3, 2021 pursuant to 12 C.F.R. § 1006.34(c)(2)(iii). The Collection Letter, however, fails to identify the name of the creditor to whom the Consumer debt was owed on June 3, 2021, in violation of 12 C.F.R. § 1006.34(c)(2)(iii).

51. Defendant violated § 1692e of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on June 3, 2021, because Defendant is *required* by 12 C.F.R. § 1006.34(c)(2)(iii) to make such an identification in the Collection Letter and failing to do so is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

52. Defendant violated § 1692f of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on June 3, 2021, because Defendant is required by 12 C.F.R. § 1006.34(c)(2)(iii) to make such an identification in the Collection Letter and failing to do so constitutes unfair and/or otherwise unconscionable means to collect the Consumer Debt.

53. Defendant violated § 1692g of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on June 3, 2021, because Defendant is required by 12 C.F.R. § 1006.34(c)(2)(iii) to make such an identification in the Collection Letter.

54. As such, by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on June 3, 2021, Defendant violated § 1006.34(c) of Reg F, § 1692e of the FDCPA, § 1692f of the FDCPA, and § 1692g of the FDCPA.

55. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding the following relief:

    (a)    Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

DATED: July 29, 2022

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

Resurgent Capital Services
P.O. Box 1269
Greenville, SC 29603
www.Resurgent.com
(888)665-0374 from 8-9 Monday-Thursday
8-7 Friday and 9-5 Saturday-Sunday

To:   TANYA FALLS
      118 E AVENUE C
      MELBOURNE, FL 32901-1336

Reference: 706993691

**Resurgent Capital Services is a debt collector.** We are trying to collect a debt that you owe to LVNV Funding LLC. We will use any information you give us to help collect the debt.

## Our information shows:

You had an account from
WebBank
with account number ending in 2115.

| | |
|---|---|
| As of June 3, 2021, you owed: | $1,127.96 |
| Between June 3, 2021 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 |
| Total amount of the debt now: | $1,127.96 |

## How can you dispute the debt?

- Call or write to us by August 23, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.
- If you write to us by August 23, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 23, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form.
- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.
- Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

---

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Mail this form to:

Resurgent Capital Services
P.O. Box 1269
Greenville, SC 29603

TANYA FALLS
118 E AVENUE C
MELBOURNE, FL 32901-1336

## How do you want to respond?

*Check all that apply*

☐ I want to dispute the debt because I think:
   ☐ This is not my debt.
   ☐ The amount is wrong.
   ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount: $ _____

Make your check payable to Resurgent Capital Services. Include the reference number 706993691.

☐ Quiero este formulario en español.

